UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

WEST VIRGINIA HIGHLANDS CONSERVANCY and THE SIERRA CLUB,

Plaintiffs,

v. Civil Action No. 2:21-cv-00057

JMAC LEASING, INC.,

Defendant.

MEMORANDUM OPINION AND ORDER

Pending is the parties' motion, filed December 21, 2021, to enter proposed consent decree.

## I. Background

Plaintiffs are nonprofit entities focused on, inter alia, water quality. Compl. ¶¶ 11-12, ECF No. 1. Defendant is a corporation engaged in the business of coal mining. Id. ¶ 8. On January 21, 2021, plaintiffs filed this suit against defendant pursuant to the "citizen suit" provisions of the Federal Water Pollution Control Act (commonly called the Clean Water Act), 33 U.S.C. § 1365(a), and the Surface Mining Control and Reclamation Act, 30 U.S.C. § 1270(a). Plaintiffs alleged that defendant unlawfully discharged selenium into the waters of the United States in violation of the limits established in its

West Virginia/National Pollutant Discharge Elimination System permit, Permit No. WV1021966. See generally Compl. Plaintiffs sought declaratory and injunctive relief and civil penalties. Id. ad damnum cl.

On November 11, 2021, the parties jointly noticed the lodging of a proposed consent decree and forwarded the proposed consent decree to the United States Attorney General and the Administrator of the Environmental Protection Agency pursuant to 33 U.S.C. § 1365(c)(3) and 40 C.F.R. § 135.5(a). Notice of Lodging of Consent Decree, ECF No. 26; see also Proposed Consent Decree, ECF No. 26-1. Thereafter, the court entered a stay of this case pending review by the Attorney General and the Administrator. Order Entering Stay, ECF No. 29. On November 12, 2021, the Attorney General and the Administrator received a copy of the proposed consent decree. Notice of Receipt of Consent Decree, ECF No. 28.

On December 21, 2021, the parties filed the pending joint motion seeking entry of the proposed consent decree. Joint Mot. for Entry of Consent Decree, ECF No. 30. Attached to the parties' joint motion is a letter from the Department of Justice stating that "the United States has no objection to the proposed consent judgment." DOJ Letter, ECF No. 30-1. The matter is now ripe for disposition. See 33 U.S.C. § 1365(c)(3)

(providing that a court cannot enter a consent judgment until forty-five days have passed since the Attorney General and the Administrator received a copy of such consent judgment).

## II. Governing Standard

"A consent decree has elements of both judgment and contract, a dual character that 'result[s] in different treatment for different purposes.'" Smyth ex rel. Smyth v. Rivero, 282 F.3d 268, 280 (4th Cir. 2002) (quoting Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO v. Cleveland, 478 U.S. 501, 519 (1986)). The judgment character of a consent decree -- that the parties can return to the court for enforcement of the court's judgment if needed -- necessitates examination by a court before approval:

> Because the consent decree does not merely validate a compromise but, by virtue of its injunctive provisions, reaches into the future and has continuing effect, its terms require more careful scrutiny. Even when it affects only the parties, the court should, therefore, examine it carefully to ascertain not only that it is a fair settlement but also that it does not put the court's sanction on and power behind a decree that violates Constitution, statute, or jurisprudence.

Id. (quoting United States v. Miami, 664 F.2d 435, 441 (5th Cir. 1981) (Rubin, J., concurring in en banc decision)). "In other words, a court entering a consent decree must examine its terms to ensure they are fair and not unlawful." Id.

The Fourth Circuit sets forth the following criteria to aid in evaluating the fairness and lawfulness of a proposed consent decree:

> In considering whether to enter a proposed consent decree, a district court should be guided by the general principle that settlements are encouraged. Nevertheless, a district court should not blindly accept the terms of a proposed settlement. Rather, before entering a consent decree the court must satisfy itself that the agreement is fair, adequate, and reasonable and is not illegal, a product of collusion, or against the public interest. In considering the fairness and adequacy of a proposed settlement, the court must assess the strength of the plaintiff's case. While this assessment does not require the court to conduct a trial or a rehearsal of the trial, the court must take the necessary steps to ensure that it is able to reach an informed, just and reasoned decision. In particular, the court should consider the extent of discovery that has taken place, the stage of the proceedings, the want of collusion in the settlement and the experience of plaintiffs' counsel who negotiated the settlement.

United States v. North Carolina, 180 F.3d 574, 581 (4th Cir. 1999) (citations and quotation marks omitted). The decision to accept or reject a proposed consent decree is within a district court's discretion. Id.

## III. Discussion

Examination of the consent decree as proposed shows that it is fair, adequate, and reasonable. The consent decree acknowledges that "[d]efendant is not currently operating in full compliance with the effluent limits for total selenium at

**Outlet 004, as provided in WV/NPDES Permit WV1021966." Proposed Consent Decree ¶ 8. The consent decree thus binds defendant to comply with the permit by September 30, 2022. Id. ¶ 9. The consent decree provides for periodic monitoring of defendant's discharges under Permit WV1021966 through June 30, 2023, and assesses penalties for failures to comply. Id. ¶¶ 11, 13-16. The consent decree retains jurisdiction in this court "for the purpose of resolving disputes arising" thereunder. Id. ¶ 36.**

**In addition, the consent decree provides that defendant will pay (1) a civil penalty of $3,000 to the United States; (2) reasonable attorney fees and costs totaling $45,000; and (3) $27,000 to Appalachian Headwaters, a 501(c)(3) organization whose purpose is "help[ing to] restore damaged ecosystems and teach[ing] both children and adults the importance of clean water and a healthy natural environment." Id. ¶¶ 20-21, 24-26; Appalachian Headwaters Letter, ECF No. 30-1. The payment to Appalachian Headwaters is earmarked for a project "for reforesting former mine land in watersheds impacted by selenium discharges . . . and for education about the importance of ecosystem preservation and restoration in the Kanawha River Watershed." Proposed Consent Decree, App'x. The consent decree also, as noted, provides for stipulated payments by defendant for violations of its permit from October 1, 2022,**

through June 30, 2023. Id. ¶¶ 13-17. Notably, the consent decree acknowledges that defendant is currently subject to a consent order with the West Virginia Department of Environmental Protection, to which defendant will remain subject notwithstanding agreement to the consent decree with plaintiffs. Id. ¶ 19; see also id. WHEREAS cl.

The court further notes that the parties appear to have engaged in significant written discovery, including a dispute about defendant's responses that was resolved out of court. See ECF Nos. 9-20. That discovery led to a definite end, whereby the consent decree contemplates that defendant "is not currently operating in full compliance with" its permit. Proposed Consent Decree ¶ 8. The court finds the consent decree well-tailored by experienced counsel to remedy such noncompliance. The proposed consent decree is approved.

## IV. Conclusion

For the foregoing reasons, the court finds that the proposed consent decree is fair, adequate, and reasonable. The court further finds that the proposed consent decree is neither illegal nor the product of collusion and that it serves the public interest. Accordingly, and inasmuch as no person has opposed entry of the consent decree, it is ORDERED as follows:

1. That the proposed consent decree be, and hereby is, entered with the court's approval contemporaneously herewith; and

2. That this action be, and hereby is, dismissed and stricken from the docket, with the court retaining jurisdiction pursuant to Article XIV of the consent decree and any other provision therein contemplating the potential for future action by the court.

The Clerk is requested to transmit copies of this memorandum opinion and order to all counsel of record and any unrepresented parties.

ENTER: February 1, 2022

John T. Copenhaver, Jr.
Senior United States District Judge